## REASONS FOR GRANTING THE PETITION

Placing the appealants cases in a consolidated matter, grossly predjudicing the petitioner because;

**1) It tainted the jury. The jury was left under the perception that rapping prostitutes at gunpoint with the same car and same gun was a ("M.O") and part of a common scheme.**

**It diminished, decreased and nullified the presumption of innocense for each (INDEPENDANT) charge.**

**SCENERIO:** Proof demonstrates that a defendant broke into several houses, but lack of proof bought into question wether the defendant burglarized additional houses.

The jury is presented with (ONE) set of burgulary tools (SIMULAR) but not the actual ones used. Clearly the jury will convict on all burguries based on an overwhelming display that the defendant used the same means and therefore (MUST) be the burgular for the entire neighborhood.

And this is the same matter in the case at hand.

**In Re: To U.S. V. SERRANO 21 Fed. Appx. 623 Lexis 22564**

**" The jury may cumulate the evidence of the various crimes charged, and find guilt when, if considered seperaely it would not find so"..........**

Severance is (only) required when the evidence "sparse" this creates predjudicial proceedings when as this matter, the evidence was **"wide-ranged"**

See; U.S. V. NUGYEN 88 F3d. 818, 817 and State V. Rice 755 A.2d 137 (R.I. 2000)

# JOINDER OFFENSES INTRODUCTION

Rule 8(a) of the Superior Court Rules of Criminal Procedure provides for the joinder of two or more offenses in the same indictment, information or complaint if they are similar in character or " based on the same transaction "

The petitioner has clearly demonstrated that and affirmatively shown that he has suffered substantial predjudice, there-by impinging upon his right to fair trial.

See: STATE V. KING 693 A.2d. 658, 663 (1997)

Also; STATE V. MARTINEZ, 774 A2d. 15, 18 (2001)

By allowing the jury to (INDEPENDANT) claims, they were affixed to standards that this petitioner was a common thread criminal.

## CASES IN RELATION.

U.S V. JONES 16 F3d. 487 (1994)
U.S. V JOSHUA 976 F2d. 844 (1992)
U.S. V. DOCKERY 955 F2d. 50 (1992)
U.S. V. WISEMAN 172 F3d. 1196
U.S. V. HOLLAND 985 F.SUPP. 587
U.S. V. BROCCOLO 797 F.SUPP. 1185
U.S. V. JONES 213 F.3d. 1253
U.S. V. BOYD 180 F3d. 967 (1999)

Gun Severance: U.S. V. LONG CROW 37 F3d. 1319

## SIMILAR CRIMES & PREDJUDICIAL JOINDER.

U.S. V. O'BRYANT 998 F2d. 21, (1st. Cir. 1993)

## SIMILAR ISSUES

The cases at hand involve are identical only for the purposes of the rape and prostitutes BUT NOT THE ELEMENTS, CIRCUMSTANCES AND OTHER FACTORS that led the jury to the tainted belief that a "M'O" was in effect.

see; U.S. V. WERNER 620 F.2d. 922, 928
U.S. V. NATANEL 938 F2d. 302 (1st. Cir.)

This did not create (harmless error).

see; U.S. V. CHAMBERS 964 F2d. 1250 (1st. cir.)
U.S. V. LANE 474 U.S. 438 88LEd2d.

## COMMON SCHEME PREMISE

There was no---- (relationship between the crimes) they were (SEPERATE) and not [linked] to the same plan, design, conspiracy, transaction, criminal intent or short term objective. Because the only "LINKAGE" between the three cases,was that the women were prostitutes.see; U.S. V. ROBAINA, 39 F3d. 858, 861.
U.S. V. SHEARER 606 F2d. 819

## JUDICIAL ECONOMY FACTOR

The state joined/consolidated these matters for the sole purpose of saving expenditures for (3) seperate trials.

The joinder was so manifestly prejudicial that it outweighed the dominant concern of judicial economy,

see; U.S. V. WHITWORTH 856 F2d. 1268
U.S. V. ARMSTRONG 621 F2d. 951, 954

ENTITLEMENT OF SEVERANCE

Possession of firearms charges entitle a defendant to severance.

Here, the actual gun alledged by the prosecution was never presented. Only a mock, representation was used to depict the pellet gun. This is worse that the use of a real gun that was really used, so a injustice concerning (firearm) has occured.

see; U.S. V. MORGAN 759 F.SUPP. 896

SUBSTANTIAL RISK OF PREDJUDICE.

see: U.S. V. SWIATEK 632 F..SUPP. 985

Defendants are entitled to severance against the [benefit] of judicial resources.

see: U.S. V. DESANTIS 802 F.SUPP. 794

SPECIAL ITEM

The (special item test) used by the state falls short, because there was (no) item that linked the crimes asisde from the car and replica firearm.

see; U.S. V. TODARO 610 F.SUPP. 923

Also: U.S. V. EDWARDS 700 F.SUPP. 837

FAIR TRIAL

The trial was noy fair because evidence and testimony would lead a rational trier of fact to belive that defendant rapped prostitutes for a living.

see; U.S. V. CANNISTRARO 794 F.SUPP.