**INEFFECTIVE ASSISTANCE OF COUNSEL, FAILURE TO ALLOW THE DEFENDANTS TESTIMONY.**

In adittion to not filing a interlocutory appeal pertaining to the severance matter.

See memorandum (2007) case attached.

**Counsel refused to allow this defendant to take the stand because he advised the defendant that his "prior criminal history" would be used against him, this was errounous advice because no simular crimes could be used to impeach the defendant.**

**The defendant had valid testimonal evidence to present to the jury, and could of swayed their decison by means of impeaching the victims with the prostitution defense that would of opened up an entire different set of facts and scenerio that the prosecution portrayed.**

**See; LUSK V. DUGGER, 890 F2d. 332**

The 8th. Circuit held that counsels error in denying the defendants testimony based on misinformation to produce additional evidence warrented a new trial;

See: **GIRTMAN V. LOCKHART 942 F2d. 468**

In a Habeas Corpus appeal the court found counsels strategic decision to be a product of an **uninformed** reasoning.

See; **WASHINGTON V. MURRAY 4F3d. 1285**

In **St. CLOUD V. LEAPLEY 521 N.W.2d. 118** the defendant was charged with rape that he could of testified was ~~consual~~. consensual.

**FAILURE TO INVESTIGATE**

> "We will not disturb a trial justice's findings on an application for post-conviction relief absent clear error or a showing that the trial justice overlooked or misconceived material evidence. * * * However, questions of fact concerning whether a defendant's constitutional rights have been infringed, and mixed questions of law and fact with constitutional implications, are reviewed de novo. * * * Finally, [f]indings of historical fact, and inferences drawn from those facts, will still be accorded great deference by this Court, even when a de novo standard is applied to the issues of constitutional dimension." Id. at 993 (internal quotation marks omitted).[5]

We continue to adhere to those criteria, and we shall be guided by them in the analysis which follows.

**Analysis**

**I**
**Alleged Ineffective Assistance of Counsel**

Mr. Larngar contends that his application for postconviction relief should have been granted because his right to the effective assistance of counsel, a right which is guaranteed both by the Sixth Amendment to the United States Constitution and by article 1, section 10, of the Rhode Island Constitution, was violated; Mr. Larngar further argues that he was prejudiced by that alleged violation. In support of his contention, Mr. Larngar points to several errors and/or omissions that he asserts were committed by his privately retained trial counsel during the course of the trial.

The burden of proving ineffective assistance of counsel is on the party making that claim. State v. Brennan, 627 A.2d 842, 845 (R.I. 1993). When this Court reviews a defendant's claim of ineffective assistance of counsel, we utilize the standard set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Doctor v. State, 865 A.2d

---

[5] See also Doctor v. State, 865 A.2d 1064, 1067 (R.I. 2005); Ouimette v. State, 785 A.2d 1132, 1135 (R.I. 2001).

1064, 1068 (R.I. 2005); Heath v. Vose, 747 A.2d 475, 478 (R.I. 2000); Brennan, 627 A.2d at 844; Brown v. Moran, 534 A.2d 180, 182 (R.I. 1987). We have indicated that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Heath, 747 A.2d at 478 (quoting Strickland, 466 U.S. at 686); see also Toole v. State, 748 A.2d 806, 809 (R.I. 2000); Tarvis v. Moran, 551 A.2d 699, 700 (R.I. 1988).

In Strickland, 466 U.S. at 687, the Supreme Court stated that a defendant must satisfy a two-part test in order to succeed on a claim of ineffective assistance of counsel:

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense."

When making the determination as to whether counsel's performance was deficient, we bear in mind the principle that there is a strong evidentiary presumption that counsel's conduct was competent. State v. Figueroa, 639 A.2d 495, 500 (R.I. 1994); see also Strickland, 466 U.S. at 689-90; Doctor, 865 A.2d at 1068. With respect to the second part of the Strickland test, we have stated that "[p]rejudice exists if there is a reasonable probability that, absent counsel's deficient performance, the result of the proceeding would have been different." Figueroa, 639 A.2d at 500; see also Doctor, 865 A.2d at 1068.

This Court has also noted that "rarely, if ever, following conviction has any federal or state court permitted a defendant who has been represented by private counsel to later question, in post-conviction proceedings, the ineffectiveness or inefficiency of the trial counsel that the defendant chose and selected to represent him or her at trial." State v. Dunn, 726 A.2d 1142, 1146 n. 4 (R.I. 1999); see also Hassett v. State, 899 A.2d 430, 434 n. 3 (R.I. 2006) ("[W]hen a

Service: **Get by LEXSEE®**
Citation: **364 f3d 902**

*364 F.3d 902, *; 2004 U.S. App. LEXIS 7181, ***

United States of America, Appellee, v. Joshua Parks, Appellant.

No. 03-1286

UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

364 F.3d 902; 2004 U.S. App. LEXIS 7181

October 21, 2003, Submitted
April 14, 2004, Filed

**NOTICE: [**1]** THIS OPINION WAS WITHDRAWN BY THE COURT

**SUBSEQUENT HISTORY:** Rehearing denied by United States v. Parks, 2004 U.S. App. LEXIS 9669 (8th Cir. Neb., May 18, 2004)
Vacated by, Remanded by, Motion granted by Parks v. United States, 160 L. Ed. 2d 1008, 125 S. Ct. 1022, 2005 U.S. LEXIS 1072 (U.S., 2005)
Vacated by United States v. Parks, 2005 U.S. App. LEXIS 14786 (8th Cir. Neb., July 21, 2005)
Reaffirmed, Supplemental opinion at United States v. Parks, 2005 U.S. App. LEXIS 14799 (8th Cir. Neb., July 21, 2005)

**PRIOR HISTORY:** Appeal from the United States District Court for the District of Nebraska.

**DISPOSITION:** Affirmed.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant was convicted by a jury in the United States District Court for the District of Nebraska of conspiracy to distribute and possession with the intent to distribute over 50 grams of methamphetamine, and three counts of aiding and abetting a false statement in connection with a firearm purchase. On appeal, defendant disputed the sufficiency of the evidence and challenged the district court's denial of his motion for downward departure.

**OVERVIEW:** Defendant argued that the evidence was insufficient to support his drug conviction since the evidence did not sufficiently establish that he intended to distribute the methamphetamine. The court found that the testimony of the government witnesses that defendant sold and distributed methamphetamine, provided promotional amounts of the drug to encourage resale, fronted drugs for resale, and was involved in a conspiracy involving a quantity of methamphetamine in excess of 50 grams was more than sufficient to support defendant's conviction of conspiracy to distribute and possession with the intent to distribute over 50 grams of methamphetamine in violation of 21 U.S.C.S. §§ 841(a)(1) and 846. The evidence that defendant had a 19 year old, who had not acquired a permit to purchase a handgun, and was ineligible to possess a handgun, purchase six handguns in nine days, and that defendant funded the purchase of the handguns and took possession of the guns after each purchase was completed, was sufficient to support the jury's determination that on three occasions defendant aided and abetted a false statement in connection with a firearm purchase in violation of 18 U.S.C.S. § 922(a)(6).