**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICARDO HERNANDEZ** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 07-410S** |
| | : | |
| **A.T. WALL, et al.,** | : | |
| **Respondent** | : | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

For the reasons stated in the accompanying memorandum of law, the State, on behalf of Respondent A.T. Wall et al., hereby moves to dismiss petitioner's petition for writ of habeas corpus, and asks that the motion be granted.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Lauren S. Zurier______
**Lauren S. Zurier (#4496)**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)

Dated: November 15, 2007

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 15th day of November, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by placing a copy of the within document in the U.S. mail, postage prepaid, to Ricardo Hernandez, Pro-Se, Adult Correctional Institutions, P.O. Box 8274, Cranston, R.I., 02920.

/s/ Lauren S. Zurier___________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICARDO HERNANDEZ** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 07-410S** |
| | : | |
| **A.T. WALL, et al.,** | : | |
| **Respondent** | : | |

**STATE'S MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

For the reasons set forth below, the State, on behalf of Respondent A.T. Wall et al., by and through its attorneys, hereby moves to dismiss, with prejudice, petitioner's petition for writ of habeas corpus, docketed electronically on November 13, 2007. That petition is clearly time-barred under 28 U.S.C. § 2244(d)(1)(A).[1]

## Background

Indictment K1/96-0081A charged petitioner with first-degree sexual assault (count 1) and second-degree sexual assault (counts 2 and 3) against one Lori Thorpe on December 19, 1995. Information P2/96-0839A charged petition with felony assault with a device similar to a firearm (i.e., a pellet gun) upon one Amber Newberry on January 1, 1996. Indictment K1/96-0095A charged petition with assault with intent to murder

[1] Because the untimeliness of the petition was apparent on its face, the State has moved to dismiss it on that basis without addressing any other issues raised by the petition. Should the Court deny the petition, the State reserves the right to respond to the merits of the petition and raise any other defenses, including lack of exhaustion, that may merit consideration.

(count 1), assault with intent to rob (count 2), possession of a firearm (pellet gun) after a prior violent crime conviction (count 3), and kidnapping. The cases were consolidated for trial pursuant to the State's motion, and a jury trial was held in September 1998. The jury returned guilty verdicts on all offenses except the kidnapping charge (count 4 in K2/96-0095A), on which the trial justice entered a judgment of acquittal.

Petitioner was sentenced on October 28, 1998 as follows: In K1/96-0081A, petitioner received fifty years with forty to serve and ten suspended with probation on count 1, and fifteen years to serve on counts 2 and 3. In P2/96-0839A, the court imposed a sentence of three years to serve. In K2/96-0095A, petitioner received a sentence of twenty years to serve on count 1, fifteen years to serve on count 2, and ten years to serve on count 3. The sentences in K1/96-0081A run consecutive to those in P2/96-0839A, which are consecutive to those in K2/96-0095A, and all of the sentences run consecutive to a sentence that petitioner was already serving at the time of trial in Case No. P1/88-4602.

Petitioner noticed a timely appeal, and the Rhode Island Supreme Court affirmed his convictions on all grounds raised on May 20, 2003. *See* State v. Hernandez, 822 A.2d 915 (R.I. 2003)(copy attached for reference.)

As far as the State can determine, petitioner has never filed a post-conviction relief action predicated upon any claims arising in K1/96-0081A, P2/96-0839A, or K2/96-0095A.

## Discussion

Petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations. ***See*** 28 U.S.C. § 2244. The one-year period may be tolled during the time that a properly filed state court post-conviction relief action is pending. ***See*** R.I. Gen. Laws § 10-9.1-1 et seq.; Duncan v. Walker, 533 U.S. 167 (2001).

To analyze whether the statute of limitations has run in any particular case, this Court must determine three things: (1) on what date the statute of limitations began to run with respect to the habeas petition; (2) on what date the limitations period expired; and (3) whether any tolling of that limitations period has occurred. The inquiry is extremely straightforward on the facts at bar.

**1. *Date Period Begins To Run***

28 U.S.C. § 2244(d)(1)(A) indicates that the relevant date for calculating when the limitations period begins to run is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." ***See*** Trapp v. Spencer, 479 F.3d 53, 58 (1st Cir. 2007). As previously indicated, the Rhode Island Supreme Court affirmed petitioner's convictions on May 20, 2003, and petitioner's convictions became final on May 25, 2003, when the time for filing a motion to reargue his appeal expired. ***See*** R.I. Sup. Ct. R. App. 25(a)(prior to amendment of Nov. 25, 2003).

Petitioner did not petition the United States Supreme Court for a writ of certiorari; hence, petitioner's conviction became final for purposes of § 2244(d)(1)(A) on or about August 25, 2003, the first business day after the ninety-day period for seeking a writ of

certiorari expired. *See* David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003); Clay v. United States, 537 U.S. 522, 528 n.3 (2003).

**2. *Date Period Expired***

Absent any tolling, the one-year limitations period would have expired on August 25, 2004. *See* 28 U.S.C. § 2244(d)(1).

**3. *Tolling Based on State Court Post-Conviction Relief Action***

To the State's knowledge, petitioner has never filed a state-court post-conviction relief action. Therefore the limitations period has never been tolled.

*****

Thus, for purposes of seeking habeas review, petitioner's conviction became final on or about August 25, 2003, when the time expired in which he could have petitioned the United States Supreme Court for certiorari review of the Rhode Island Supreme Court's decision denying his direct appeal. His time for filing a habeas petition in federal court expired one year later, on or about August 25, 2004. The instant petition, docketed on November 13, 2007, was obviously filed over three years beyond the end of the limitations period and is therefore time barred under 28 U.S.C. § 2244.[2]

---

[2] Should this Court disagree and deny the State's motion, the State respectfully requests that the Court require petitioner to comply with Rule 2 of the Rules Governing Section 2254 Cases. The petition filed on November 13, 2007 was an incoherent jumble of briefs and citations; some of the briefs do not even appear to be filed in connection with the instant case. The petition contains no clear statement of claims or grounds, no statement whatsoever regarding post-conviction relief actions, and also appears to lack a signature. *See* Rule 2(c)(1)-(5), Rules Governing § 2254 Petitions. The State is hard-pressed to divine what petitioner's claims are without petitioner making at least some good faith effort to comply with the standard format for habeas petitions on the form typically provided by the Court.

## Conclusion

For the foregoing reasons, the State respectfully requests that its motion to dismiss be granted.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Lauren S. Zurier ______

**Lauren S. Zurier (#4496)**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)

Dated: November 15, 2007

## CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 15th day of November, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by placing a copy of the within document in the U.S. mail, postage prepaid, to Ricardo Hernandez, Pro-Se, Adult Correctional Institutions, P.O. Box 8274, Cranston, R.I., 02920.

/s/ Lauren S. Zurier____________________