822 A.2d 915
**(Cite as: 822 A.2d 915)**

State v. Hernandez
R.I.,2003.

Supreme Court of Rhode Island.
STATE
v.
Ricardo HERNANDEZ.
**No. 99-238-C.A.**

May 20, 2003.

After defendant's three cases were consolidated, defendant was convicted by a jury in the Superior Court, Kent County, Krause, J., of first-degree sexual assault, two counts of second-degree sexual assault, assault with a device similar to a firearm, assault with intent to commit murder, assault with intent to commit robbery, and unlawful possession of a firearm by a felon. Defendant appealed. The Supreme Court, Williams, C.J., held that: (1) joinder of three cases against defendant was proper, and (2) denial of defendant's motion for a severance of the charge of felon in possession of a firearm did not prejudice defendant.

Affirmed.
West Headnotes

**[1] Criminal Law 110 620(1)**

110 Criminal Law
110XX Trial
110XX(A) Preliminary Proceedings
110k620 Joint or Separate Trial of Separate Charges
110k620(1) k. In General. Most Cited Cases
Joinder of three cases against defendant, in which he was charged with first-degree sexual assault, two counts of second-degree sexual assault, assault with a device similar to a firearm, assault with intent to commit murder, assault with intent to commit robbery, and unlawful possession of a firearm by a felon, was proper; the offenses were of the same or similar character since in each case defendant used force to demand sex or money, and the offenses were part of a common scheme or plan since defendant encountered each woman at night, managed to get them into his car, and kept them in his car by whatever means necessary, he drove two women to the same deserted area, and he pointed a gun at the faces of two of the women. Superior Court Rules Civ.Proc., Rule 13; Superior Court Rules Crim.Proc., Rule 8(a).

**[2] Criminal Law 110 1139**

110 Criminal Law
110XXIV Review
110XXIV(L) Scope of Review in General
110k1139 k. Additional Proofs and Trial De Novo. Most Cited Cases
Because proper joinder is a matter of law, the Supreme Court reviews de novo whether the state properly joined one or more charges in a single indictment. Superior Court Rules Crim.Proc., Rule 8(a).

**[3] Criminal Law 110 1148**

110 Criminal Law
110XXIV Review
110XXIV(N) Discretion of Lower Court
110k1148 k. Preliminary Proceedings. Most Cited Cases
If joinder is proper, the decision to grant the joinder motion lies within the sound discretion of the trial justice and will not be disturbed absent a showing of a clear abuse of discretion. Superior Court Rules Crim.Proc., Rule 8(a); Superior Court Rules Civ.Proc., Rule 13.

**[4] Criminal Law 110 620(4)**

110 Criminal Law
110XX Trial
110XX(A) Preliminary Proceedings
110k620 Joint or Separate Trial of Separate Charges
110k620(3) Severance, Relief from Joinder, and Separate Trial in General
110k620(4) k. Discretion of Court.

Most Cited Cases
A defendant is not entitled to a severance of charges as a matter of right; rather, the granting or the denial of a defendant's motion to sever lies within the sound discretion of the trial justice.

**[5] Criminal Law 110 1166(6)**

110 Criminal Law
110XXIV Review
110XXIV(Q) Harmless and Reversible Error
110k1166 Preliminary Proceedings
110k1166(6) k. Joinder or Severance of Counts or Codefendants. Most Cited Cases
On review, a defendant must show that the trial justice's denial of the motion to sever prejudiced the defendant to such a degree that he or she was denied a fair trial.

**[6] Criminal Law 110 1166(6)**

110 Criminal Law
110XXIV Review
110XXIV(Q) Harmless and Reversible Error
110k1166 Preliminary Proceedings
110k1166(6) k. Joinder or Severance of Counts or Codefendants. Most Cited Cases
Denial of defendant's motion for a severance of the charge of felon in possession of a firearm did not prejudice defendant, where the trial court offered to refer to the charge as the “weapon's charge” in order to prevent the jury from hearing that defendant was a felon, and defense counsel agreed to the suggestion.

***916** Lauren Sandler Zurier/Aaron Weisman, Providence, for Plaintiff.
Kelly Monteiro/Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, JJ., WEISBERGER, C.J. (Ret.) and SHEA, J. (Ret.).

**OPINION**

WILLIAMS, Chief Justice.
This appeal concerns the alleged misjoinder of criminal charges arising from three separate incidents. The defendant, Ricardo “Ricky” Hernandez (defendant), was charged with a variety of criminal offenses after his encounters with three women on the streets of Providence in December 1995 and January 1996. Before trial, the state moved to consolidate the three cases pursuant to Rule 13 of the Superior Court Rules of Criminal Procedure. The trial justice agreed, and now the defendant asserts that the joinder was not proper and that it prevented him from having a fair trial. We disagree. The facts pertinent to this appeal are as follows.

**I**

**Facts and Travel**

During a severe snowstorm on the evening of December 19, 1995, Linda was hungry and decided to hitchhike to her father's house for food.[FN1] Her father lived on the Cranston-Providence line. Linda, an admitted drug addict, lived in a Smithfield motel room. When she nearly reached her father's house, she changed her mind and decided to find a ride home instead. She began walking toward the Foxy Lady, an adult entertainment club where she was formerly employed. She could not find anyone there to give her a ride. While walking along Douglas Avenue in Providence, she encountered what she later described as a “burgundy, two door, sporty looking car.” The car stopped on the road-the driver was a Hispanic male. Linda asked him for a ride and he agreed. However, once she was in the car, the driver changed direction from Linda's requested destination and instead drove onto Route 95 southbound. The driver refused to allow Linda to leave the car. Eventually, the driver exited the highway on Route 117 in Warwick, driving into an industrial area. There, he stopped the car in a cul de sac, parked the car facing out, and told Linda, “we're going to take care of business.”

FN1. To protect the privacy of the three victims, we have chosen aliases for each of them.

When Linda attempted to escape, the driver grabbed her shoulder. After he pulled her back into the car, the driver pulled his pants down and forced Linda to perform fellatio. The driver then ordered her out of the car. Linda found a nearby snowplow driver, who called the Warwick police. Officer Barbara Lynn Frazier [FN2] (Officer Frazier) arrived and drove Linda to the station. Linda told Officer Frazier that she had been sexually assaulted. Officer Frazier attempted to

interview Linda, but she was hysterical and somewhat uncooperative. The sexual assault was classified as unfounded because Officer Frazier determined that Linda was unable to make a complaint at that time. Linda then left the station.

> FN2. At the time of the interview, Officer Frazier's surname was Hassell. Because it had changed by the time of trial, we decided to use her new name.

Approximately ten days later, a prostitute named Amy, was walking on Bucklin ***917** Street in Providence. A red sportscar driven by a Hispanic male pulled over near Amy and the driver asked her if she was working. Amy noticed that the car had a "for sale" sign painted in white soap on the rear windshield. Amy got into the car and the driver drove toward Roger Williams Park. The driver stopped and parked the car. Amy and the driver discussed payment for her services. The driver, however, informed Amy that he did not have any money. Amy told him that she "couldn't help him." Suddenly, the driver pulled out a silver firearm and pointed it at Amy's face. Luckily, a passerby distracted the driver and Amy managed to escape. She later reported the incident to the Providence police.

Eighteen-year-old Loretta was working as a prostitute in Providence on January 15, 1996, when she encountered a "Puerto Rican" male in a red sportscar. The words "for sale" were painted on the rear windshield. When Loretta spoke with the driver, he pulled out a gun and ordered Loretta to get into the car. The driver drove onto Route 95 southbound, taking exit 10 (Route 117) in Warwick and parked in an industrial area. He stopped the car in a cul de sac, parked facing out, and asked Loretta to perform fellatio on him. She refused. He then demanded money. She refused. The driver then forced Loretta to get out of the car and remove her jacket. After finding no money in the jacket, the driver violently shot Loretta twice in the face. The driver abandoned Loretta, who was lying bleeding on the side of the street.

Warwick police detectives Mark Canning and John Candon were assigned to investigate the shooting. After interviewing Loretta about the incident, they began looking for a vehicle similar to the one she described, driven by a Puerto Rican or Hispanic male. In the early morning hours on January 16, police found a vehicle matching the description in Providence. The Warwick detectives, with Providence police, attempted to force the vehicle to pull over and stop on the side of the road. The driver did not immediately comply, causing the police to engage in a short chase. The vehicle eventually stopped. The police identified defendant as the driver of the red two-door Nissan 300ZX sportscar. The police arrested him and took him to the Providence police station. At the station, police found a speedy loader [FN3] containing .177 caliber lead pellets in defendant's pocket. Police later showed Loretta a photopack and she identified defendant as the man who shot her. The Warwick police then contacted Linda because of the similarities between the two incidents. Linda also was shown a photopack and identified defendant as the man who sexually assaulted her. Amy identified defendant in the same manner.

> FN3. A speedy loader is a device that contains a number of pellets and fits inside a pellet gun. Because it contains a number of pellets it is considered a "speedy" way to load the gun versus loading pellets individually.

The police charged defendant with one count of first-degree sexual assault and two counts of second-degree sexual assault for the attack on Linda; assault with a device similar to a firearm for threatening Amy; and assault with intent to commit murder, assault with intent to commit robbery, kidnapping and unlawful possession of a firearm by a felon for shooting Loretta.

In January 1997, the state moved to consolidate the three cases pursuant to Rule 13. The state's request was granted, despite defendant's objection. The defendant then filed a motion to sever Loretta's case from the other two cases. The defendant***918** argued that because the incident involving Loretta carried a felon in possession of a firearm charge, the jurors might be influenced when they learn of his criminal history. The motion was denied. In September 1998, a jury trial commenced. At trial, an expert testified that the pellet retrieved from Loretta's body was of the same size, design and manufacturer as the pellets found in defendant's possession. Before jury deliberation, defendant filed a motion for judgment of acquittal on the kidnapping count pursuant to Rule 29 of the Superior Court Rules of Criminal Procedure. The motion was granted. The jury convicted defendant of all the other charges. The trial

justice sentenced defendant to forty years imprisonment to serve for the attack on Linda; three years imprisonment to serve for the assault on Amy; and twenty years to serve for shooting Loretta. The trial justice ordered the three groups of sentences to run consecutively. The defendant timely appealed.

## II

## Joinder

[1] The defendant alleges that the trial justice impermissibly joined the three cases for a single trial.

[2][3] Our review of a trial justice's decision to join multiple indictments and/or informations for a single trial is a two-step process. "Because proper joinder under Rule 8(a) is a matter of law, we review *de novo* whether the state properly joined one or more charges in a single indictment * * *." ***State v. Rice,*** 755 A.2d 137, 142 (R.I.2000). If joinder is proper, the decision to grant the Rule 13 motion lies within the sound discretion of the trial justice and will not be disturbed absent a showing of a clear abuse of discretion. ***See*** ***State v. Fillion,*** 785 A.2d 536, 541 (R.I.2001).

We are of the opinion that joinder was legally proper in this case. Pursuant to Rule 13,
"[t]he [c]ourt may order two (2) or more indictments, informations, or complaints to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment, information, or complaint. The procedure shall be the same as if the prosecution were under such single indictment, information, or complaint."

Joinder is permissible if "the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." Super. R.Crim. P. 8(a).

In examining the five offenses,[FN4] it is apparent that they are of the "same or similar character" under Rule 8(a). ***See*** ***State v. Lassor,*** 555 A.2d 339, 345 (R.I.1989). In *Lassor,* we concluded that the offenses were of the "same or similar character" when defendant engaged in an "overall pattern of abhorrent sexual behavior" in the assault of one woman and the murder of three others. ***Id.*** In this case, four of the offenses are of an assaultive nature the first and second-degree sexual assaults, the assault with intent to murder and the assault with intent to commit robbery. In each of these circumstances, defendant was using force to obtain sex or money. The defendant displayed the same conduct toward each victim. Only his rate of success varied. Furthermore, the fifth offense, unlawful possession of a firearm, is attributed to the tool used to perpetrate the violence in two of the situations.

FN4. We need not consider the kidnapping charge because the jury did not consider it, and therefore, it could not have influenced its decision.

***919** We also are of the opinion that defendant's acts can be construed as part of a common scheme or plan under Rule 8(a). In each of these cases, defendant displayed the same modus operandi. ***See*** ***State v. LaRoche,*** 683 A.2d 989, 993 (R.I.1996); ***Lassor,*** 555 A.2d at 345. From his vehicle, defendant pursued women walking along the streets of Providence. He encountered each of them, managed to get them inside his car, and kept them inside by whatever means necessary. The defendant drove to the same deserted area in Warwick with two of the victims. He was looking for either sex or money or both from each of the women. He pointed a gun at two of the women's faces. He asked two of the victims to perform fellatio. Had Amy not escaped, he probably would have made a similar request. There can be no disputing that defendant engaged in a common scheme or plan in each of the three attacks.

The defendant, relying on ***State v. Trepanier,*** 600 A.2d 1311, 1315 (R.I.1991), argues that the offenses cannot be considered of the "same or similar character" because they are not actually all the same charge. In ***Trepanier*** we concluded that misjoinder had occurred because housebreaks, arson and sniping were not of the same or similar character. ***See id.*** The facts in that case, however, easily are distinguishable. In ***Trepanier,*** the arson and housebreaks occurred four months after the sniping and there was no evidence of any connection between the two. ***See id.*** at 1313. Furthermore, unlike this case, there was no evidence in ***Trepanier*** that the defendant engaged in a similar course of conduct in each of the incidents. Consequently, joinder in this case was appropriate.

We now turn to whether the trial justice properly exercised his discretion to grant the motion to

consolidate. At the consolidation hearing, the state noted that the three cases all involved the same defendant and acts of violence against three women occurring within a two-month period. The state pointed out that defendant approached each of these women in the same manner, encountering each of them on the side of the street and inviting them into his car. Thus, the state argued that the evidence required for each case would overlap, and therefore joinder would favor judicial economy.

The defendant argued that the state could have presented all the cases to the grand jury together and chose not to, and therefore, the state should not be permitted to join them at a later time to "bolster a weak case." [FN5] The defendant implored the trial justice not to join the cases because evidence of the sexual assault on Amy would taint the jury's decision-making since the other cases contained no sexual assault, only "sexual overtones." The trial justice granted the state's motion. In his decision, the trial justice noted that "the cases address the policy of judicial economy * * * [that is only] obviated where there has been a showing that the consolidation of matters will result or may result in a substantial prejudice to the defendant."

> FN5. Since Rule 13 of the Superior Court Rules of Criminal Procedure expressly permits joinder if the offenses arising from each incident could have been joined in a single indictment, information or complaint at the outset, there can be no argument that joinder is precluded if the state does not do so.

We are convinced that the trial justice did not abuse his discretion in granting the state's motion and joining the three cases for a single trial. It is well accepted that "[w]here evidence of one crime would be admissible at a separate trial of another ***920** charge, a defendant will not suffer any additional prejudice if the two charges are tried together." *State v. Cline,* 122 R.I. 297, 329, 405 A.2d 1192, 1209 (1979) (quoting *McKnight v. State,* 280 Md. 604, 375 A.2d 551, 555 (1977)); *see also Lassor,* 555 A.2d at 346. In the instant case, if defendant were tried separately for each of the three incidents, the state could have introduced evidence of each of the incidents under Rule 404(b) of the Rhode Island Rules of Evidence to prove motive, intent or plan. *See State v. Lamoureux,* 623 A.2d 9, 13-14 (R.I.1993) (discussing the concept that the commission of a previous crime in nearly identical circumstances by the same defendant with a different victim tends to be strongly probative on an issue essential to state's burden of proving the defendant's guilt). The defendant's argument about improper bolstering is insufficient to defeat joinder in this case. "We know of no doctrine in the law that is designed to insulate defendant from relevant truths, even if such truths might lead the jury to draw less favorable inferences concerning defendant than if they were not exposed." *Cline,* 122 R.I. at 331, 405 A.2d at 1210.

## III

## Severance

[4][5] "[A] defendant is not entitled to a severance as a matter of right." *State v. Verrecchia,* 766 A.2d 377, 386 (R.I.2001) (quoting *State v. Tarvis,* 465 A.2d 164, 172 (R.I.1983)). "Rather, the granting or the denial of a defendant's motion to sever lies within the sound discretion of the trial justice." *Id.* (citing *Tarvis,* 465 A.2d at 172). On review, "a defendant must show that the trial justice's denial of the motion to sever prejudiced the defendant to such a degree that he or she was denied a fair trial." *Id.* (quoting *State v. Humphrey,* 715 A.2d 1265, 1277 (R.I.1998)).

[6] In this case, defendant asked the trial justice to sever Loretta's case from the others because it involved a charge of a felon in possession of a firearm. The defendant alleged that if the jury learned of his prior criminal history, it would taint its decision-making process. To address the problem, the trial justice engaged in a discussion with defense counsel about how to remedy the situation and prevent the jury from hearing about defendant's status as a felon. The trial justice offered to refer to the charge as a "weapon's charge" [sic] and require the jury only to decide whether defendant actually possessed a weapon. In response, defense counsel said that "if the Court wants to rewrite how it arraigns him and say he's charged with possession of a firearm, I think maybe that might work." Defense counsel then agreed to submit to the clerk the language he thought would cure the prejudice he sought to avoid.

The defendant cannot now maintain a complaint about the trial justice's refusal to sever Loretta's case based on the charge of a felon in possession of a firearm because he acquiesced to the remedy offered

by the trial justice. To the extent that the defendant seeks to make any other severance-based argument, we need not address it because he failed to raise it in the trial court. ***See*** ***State v. Silvia***, 798 A.2d 419, 427 (R.I.2002) (citing ***State v. Saluter***, 715 A.2d 1250, 1258 (R.I.1998)).

**Conclusion**

Accordingly, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be returned to the Superior Court.

R.I.,2003.
State v. Hernandez
822 A.2d 915

END OF DOCUMENT